IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON BRIAN BURRESS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:19-cv-01198-S-BT |
| | § | |
| CHASE CARD, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this civil action arising under the Fair Credit Reporting Act (FCRA) is Defendant's Rule 12(b)(6) Motion to Dismiss, or Alternatively, Rule 12(e) Motion for More Definite Statement (ECF No. 8). For the reasons stated, the Motion should be GRANTED on the ground that Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiff's claim under 15 U.S.C. § 1681s-2(a)(3) should be DISMISSED with prejudice, and Plaintiff's claim under 15 U.S.C. § 1681s-2(b) should be DISMISSED without prejudice.

**Background**

Plaintiff Jason Burress, proceeding *pro se*, brings this lawsuit against Defendant JPMorgan Chase Bank, N.A.[1] for violations of the FCRA. In his Complaint, Plaintiff alleges he requested a copy of his credit report from Experian,

---

[1] Plaintiff incorrectly named Defendant "Chase Card" in his original Complaint. Compl. 1 (ECF No. 3). The correct name for Defendant is JPMorgan Chase Bank, N.A. Mot. 1.

1

Equifax, and TransUnion in May 2017. Compl. 2 (ECF No. 3). According to Plaintiff, his credit report inaccurately reflects that he owes multiple debts to "CHASE CARD." *Id.* Plaintiff alleges that at the end of May 2017 he notified Defendant via U.S. Mail of his dispute of those debts and that Defendant did not answer. *Id.* So, in April 2019 he purportedly sent another notice to Defendant via U.S. Mail threatening the instant lawsuit. *Id.* He maintains that, again, Defendant did not answer. *Id.* Moreover, he alleges that Experian, Equifax, and TransUnion have all confirmed they are reporting the debts at Defendant's request. *Id.* According to Plaintiff, these debts are "derogatory, erroneous, inaccurate, and damaging" and have remained on his credit report for 16 months. *Id.* Based on this alleged conduct, Plaintiff brings claims against Defendant for: (1) violating 15 U.S.C. § 1681s-2(a)(3) by "[f]ail[ing] to inform the National Credit Reporting Agencies that the alleged accounts are in dispute and failing to do so for over an additional year"; and (2) violating 15 U.S.C. § 1681s-2(b) for "[c]ontinually updating the Plaintiff's credit report during this time with this erroneous and inaccurate information." *Id.* at 3. Plaintiff seeks $279,000.00 in damages. *Id.* at 4.

     Defendant timely filed its Rule 12(b)(6) Motion to Dismiss, or Alternatively, Rule 12(e) Motion for More Definite Statement, in which it argues Plaintiff's allegations are fatally deficient because they fail to set forth basic information about Plaintiff's claims. Defendant further argues Plaintiff's claim under § 1681s-2(a)(3) must be dismissed because that section of the FCRA does not create a

2

private cause of action. The Motion has been fully briefed, and it is ripe for determination.

## Legal Standard

When deciding a 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts

do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, the pleadings, for the purpose of determining a Rule 12(b)(6) motion, include documents attached to the pleadings and to the motion to dismiss so long as they "are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

## Analysis

First, Plaintiff's § 1681s-2(a)(3) claim should be dismissed with prejudice because no private cause of action exists under § 1681s-2(a). *Carlson v. Trans Union, LLC*, 259 F. Supp. 2d 517, 519 (N.D. Tex. 2003); *Davis v. Sallie Mae, Inc.*, 2009 WL 2525303, at * 2 (N.D. Tex. Aug. 18, 2009). Indeed, Plaintiff seems to concede he cannot prevail under § 1681s-2(a)(3) because he does not respond to Defendant's arguments concerning his purported claim under that section.

While a private cause of action may exist under § 1681s-2(b), *Carlson*, 259 F. Supp. 2d at 519, Plaintiff's § 1681s-2(b) claim should nonetheless be dismissed because he fails to state a claim under that section. Section 1681s-2(b) requires furnishers of information (like Defendant) to investigate disputed debts and report the results of such investigations to consumer reporting agencies (like Experian,

4

Equifax, or TransUnion). *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002). However, this duty only arises if the consumer reporting agency first notifies the furnisher of information of a dispute. *Id.* Thus, any private right of action Plaintiff may have under § 1681s–2(b) would require that Experian, Equifax, or TransUnion had notified Defendant that Plaintiff disputed the various "CHASE CARD" debts reflected on his credit report. If no consumer reporting agency has notified the defendant of an inaccuracy or dispute, no § 1681s-2(b) duty is triggered. *Id.* at 639-40 (holding FCRA claim failed as matter of law because no evidence proved defendant received notice of a dispute from a consumer reporting agency).

Plaintiff appears to read § 1681s-2(b) to require that *Defendant* communicate disputed information to the *credit reporting agencies. See* Compl. 2 ("The Defendant, CHASE CARD, is required by FCRA to communicate Notice of Dispute to the Major Credit Reporting Agencies that the alleged accounts are in dispute[.]"). According to Plaintiff, Defendant is in violation of § 1681s-2(b) because it has not notified any credit reporting agencies of Plaintiff's dispute. *Id.* But Plaintiff has misread the statute. As discussed above, no duty on the part of a furnisher of information (like Defendant) arises unless a consumer reporting agency has notified it of some disputed information in the credit report. Plaintiff's § 1681s-2(b) claim should be dismissed because he has failed to allege this has occurred. *Davis v. World Fin. Network Nat'l Bank*, 2009 WL 4059202, at *4 (N.D. Tex. Nov. 20, 2009) (dismissing § 1681s-2(b) claim where plaintiff failed to allege

5

furnisher of information received notice from credit reporting agency of a dispute); *Ashton v. Sallie Mae, Inc.*, 2010 WL 850984, at *2 (N.D. Tex. Mar. 10, 2010) (same); *Hunsinger v. SKO Brenner Am., Inc.*, 2013 WL 3949023, at *5 (N.D. Tex. Aug. 1, 2013) (same).

Plaintiff only alleges; (1) that *he* notified Experian, Equifax, and TransUnion of the dispute and that they confirmed they are reporting the debts as advised by Defendant; and (2) that *he* notified Defendant of the dispute. Compl. 2. But notice of the dispute by the consumer himself does not trigger the information furnisher's duty under § 1681s-2(b). *Schoch v. Wells Fargo Home Mortg.*, 2017 WL 2385626, at *4 (E.D. Tex. April 11, 2017) (citing *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009)), *rec. adopted*, 2017 WL 2312079 (E.D. Tex. May 26, 2017); *Douglas v. Select Portfolio Servicing, Inc.*, 2015 WL 1064623, at *7 (S.D. Tex. Mar. 11, 2015). Thus, Plaintiff's allegations fail to state a claim under § 1681s-2(b).

Because the Court finds Plaintiff's complaint should be dismissed for failure to state a claim, Defendant's request that Plaintiff plead a more definite statement under Rule 12(e) is DENIED as moot.[2] However, a court should not dismiss a claim that fails to meet the pleading requirements without granting leave to amend "unless the defect is simply incurable or the plaintiff has failed to plead with

---

[2] Moreover, the Court concludes that the Complaint is not "so vague or ambiguous that [Defendant] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The Complaint at least notified Defendant as to the nature of the claim against it. And, indeed, Defendant *did* prepare a response.

particularity after repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). A plaintiff generally should be given the opportunity to amend the complaint where it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is based.

## Recommendation

For the foregoing reasons, Defendant's Motion (ECF No. 8) should be GRANTED on the grounds that Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiff's claim under 15 U.S.C. § 1681s-2(a)(3) should be DISMISSED with prejudice, and Plaintiff's claim under 15 U.S.C. § 1681s-2(b) should be DISMISSED without prejudice. Further, the Court should grant Plaintiff leave to file an amended pleading correcting the pleading deficiencies noted in the discussion above within fourteen (14) days of any Order accepting these Findings, Conclusions, and Recommendation.

**SIGNED** February 18, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).