IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON BRIAN BURRESS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:19-cv-01198-S-BT |
| | § | |
| CHASE CARD/A.K.A. JPMORGAN CHASE, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this civil action arising under the Fair Credit Reporting Act is Defendant's Rule 12(b)(6) Motion to Dismiss (ECF No. 19). For the reasons stated, the Motion should be GRANTED on the ground that Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiff's claims under 15 U.S.C. §§ 1681s-2(a), 1681i(1)(5)(D), and Texas defamation law should be DISMISSED with prejudice.

**Background**

Plaintiff Jason Burress, proceeding *pro se*, brings suit against Defendant JPMorgan Chase Bank, N.A. (Chase) for violations of the Fair Credit Reporting Act (FCRA). In his Amended Complaint (entitled "Plaintiff's Statement of Claim"), Burress alleges his credit report inaccurately reflected that he owed multiple debts to "CHASE CARD." Am. Compl. 2 (ECF No. 18). He claims that in May 2017, he notified Chase via U.S. Mail of his dispute of those debts and that Chase did not

1

answer. *Id*. So, in April 2019 he purportedly sent another notice to Chase via U.S. Mail threatening the instant lawsuit. *Id.* at 5. He maintains that, again, Chase did not answer. *Id.* at 5. Therefore, Burress filed this lawsuit bringing claims against Chase for violations of the FCRA.

The Court granted Chase's motion to dismiss Burress's Original Complaint and dismissed with prejudice Burress's claim under 15 U.S.C. § 1681s-2(a)(3). *See* Order Accepting Findings, Conclusions, and Recommendation (ECF No. 14); Judgment (ECF No. 15). The Court also dismissed Burress's claim under § 1681s-2(b) without prejudice and granted Burress leave to amend. Order (ECF No. 14).

Now in his Amended Complaint, Burress alleges Chase: (1) violated 15 U.S.C. § 1681s-2(a)(1)(B)(i) by not responding to Burress's correspondence, "thus reporting erroneous and inaccurate information"; (2) violated 15 U.S.C. § 1681i(a)(5)(D) for "lacking required systems in place to prevent errors"; and (3) violated Texas defamation law by injuring Burress "in the form of Defamation of character." Am. Compl. 5 (ECF No. 18). Burress seeks $279,000.00 in damages. *Id.*

Chase timely filed its Rule 12(b)(6) Motion to Dismiss Burress's Amended Complaint, in which it argues: (1) Burress cannot maintain a claim under § 1681s-2(a)(1)(B)(i) because no private cause of action exists under § 1681s-2(a); (2) Chase is not a "consumer reporting agency" as defined by § 1681a or within the purview of § 1681i(a)(5)(D); and (3) Burress's defamation claim under Texas law is preempted by the FCRA, 15 U.S.C. § 1681 *et seq*. Chase further argues Burress fails

2

to plead a cause of action under § 1681s-2(b), and, even if the Court construes the Amended Complaint to assert a claim under § 1681s-2(b), Burress fails to plausibly state a claim satisfying Rule 12(b)(6)'s pleading standards.

Burress filed a response that addressed only Chase's arguments for dismissal of his defamation claim. Pl.'s Resp. (ECF No. 21). He also demands that the Court sanction Chase's counsel for purportedly misrepresenting the law regarding § 1681(h)(e). *Id.* 3. Chase's motion is ripe for determination.

## Legal Standard

When deciding a 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 6 62, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, the pleadings, for the purpose of determining a Rule 12(b)(6) motion, include documents attached to the pleadings and to the motion to dismiss so long as they "are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

## Analysis

I. <u>Burress fails to state a claim under § 1681s-2(a) because there is no private cause of action under that section.</u>

Burress's claim under § 1681s-2(a)(1)(B)(i), alleging that Chase did not respond to his correspondence and, thus, reported erroneous and inaccurate information, should be dismissed with prejudice because no private cause of action

4

exists under § 1681s-2(a). *Carlson v. Trans Union, LLC*, 259 F. Supp. 2d 517, 519 (N.D. Tex. 2003); *Davis v. Sallie Mae, Inc.*, 2009 WL 2525303, at * 2 (N.D. Tex. Aug. 18, 2009). Indeed, this Court previously dismissed with prejudice Burress's § 1681s-2(a)(3) claim on identical grounds. Findings, Conclusions, and Recommendation of the U.S. Magistrate Judge 4 (ECF. No. 13); *see also* Order Accepting Findings, Conclusions, and Recommendation (ECF No. 14); Judgment (ECF No. 15). Accordingly, this claim fails as a matter of law and should be dismissed with prejudice.

The Court could interpret Burress's Amended Complaint as renewing his claim under § 1681s-2(a)(3). *See* Am. Compl. 5 (ECF No. 18) (citing § 1681s-2(a)(3) as a ground for recovery). But that does not appear to be case. Burress asserts that he both "appreciates and recognizes the Court has dismissed" this claim with prejudice. *Id.* at 2. He merely includes argument on the topic "for purposes of appeal if necessary." *Id.* Regardless, this claim was previously dismissed with prejudice, and Burress is barred from raising it again.

II. Burress is unable to state a claim under § 1681i(a)(5)(D) because Chase is not a consumer reporting agency.

Chase is not a consumer reporting agency, so Burress cannot bring a § 1681i(a)(5)(D) claim against it. Section 1681i(a)(5)(D) requires "[a]ny *consumer reporting agency* that compiles and maintains files on consumers on a nationwide basis" to "implement an automated system through which furnishers of information to that consumer reporting agency may report the results of a

5

reinvestigation that finds incomplete or inaccurate information in a consumer's file to other such consumer reporting agencies." 15 U.S.C. a § 1681i(a)(5)(D) (emphasis added). Burress claims Chase violated this provision by "lacking required systems in place to prevent errors." Am. Compl. 5 (ECF No. 18).

For Chase to be liable under this section of the FCRA, Burress must sufficiently allege that Chase is a consumer reporting agency. 15 U.S.C. § 1681i(a)(5)(D). The FCRA defines a "consumer reporting agency" as:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers *for the purpose of furnishing consumer reports to third parties*, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f) (emphasis added). For context, the FCRA defines a "consumer report" as:

> any written, oral, or other communication of any information *by a consumer reporting agency* bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (a) credit or insurance to be used primarily for personal, family, or household purposes; (b) employment purposes; or (c) any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d)(1) (emphasis added). Entities that "merely furnish information to consumer reporting agencies based on their experience with consumers are not consumer reporting agencies within the meaning of the FCRA." *Kretchmer v. Eveden, Inc.*, 374 F. App'x 493, 496–97 (5th Cir. 2010) (quoting

*DiGianni v. Stern's*, 26 F.3d 346, 348 (2nd Cir. 1994) (internal quotations omitted).

Under this definition, and as noted in the undersigned's prior Findings, Conclusions, and Recommendation 4 (ECF No. 13), Chase is a *furnisher* of financial information, not a credit reporting agency. Chase provides financial information to credit reporting agencies like Experian, Equifax, and TransUnion. As a result, the requirement to put systems in place to prevent errors found in § 1681i(a)(5)(D) does not apply to Chase. Accordingly, Burress is unable to establish a claim under 15 U.S.C. § 1681i(a)(5)(D). The Court should dismiss this claim under Rule 12(b)(6).

    III.    <u>Burress is unable to state a claim for defamation under Texas law because § 1681h(e) of the FCRA preempts such a cause of action here.</u>

Section 1681h(e) preempts Burress's state law claim for defamation of character. The FCRA preempts state law defamation or negligent reporting claims unless a plaintiff consumer can prove the defendant acted with "malice or willful intent to injure":

> No consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency . . . *except* as to false information furnished with *malice or willful intent to injure* such consumer.

15 U.S.C. § 1681h(e); *Young v. Equifax Credit Information Services, Inc.*, 294 F.3d 631, 638 (5th Cir. 2002).

7

The FCRA does not define "malice," but the Fifth Circuit has provided guidance on its interpretation. *Morris v. Equifax Info. Servs., LLC*, 457 F.3d 460, 471 (5th Cir. 2006). Where both parties have agreed, courts have applied the common-law standard for malice. *Id*. This requires a plaintiff show that, when the words were published, the defendant "(1) either knew they were false, or (2) published them in reckless disregard of whether they were true or not." *Cousin v. Trans Union Corp.*, 246 F.3d 359, 375 (5th Cir. 2001).

Where the parties have not agreed, the Fifth Circuit has applied the actual malice standard from *New York Times v. Sullivan*. *Morris*, 457 F.3d 460, 471 (citing *New York Times v. Sullivan*, 376 U.S. 254, 279–80 (1964)). This similarly defines "actual malice" as existing when a statement is made "with knowledge that it was false or with reckless disregard of whether it was false or not." *Sullivan*, 376 U.S. at 279–80 (1964). The Texas Supreme Court adopted the same standard for state defamation cases in *Carr v. Brasher*. 776 S.W.2d 567, 570–71 (Tex. 1989). Here, Burress has not addressed the malice exception to preemption under 1681h(e), so the Court should apply the actual malice standard from *Sullivan*. *See Morris*, 457 F.3d 460, 471 (applying an actual malice standard because the parties did not agree to using the common law standard).

Meeting the actual malice standard requires "sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968). It is not enough to prove "that a defendant spoke out of dislike, or with ill will toward

8

another . . . even if his statements are shown to be false. *Peter Scalamandre & Sons, Inc. v. Kaufman*, 113 F.3d 556, 561 (5th Cir. 1997) (citing *Garrison v. Louisiana*, 379 U.S. 64, 73 (1984)). Meanwhile, "[r]eckless disregard . . . cannot be fully encompassed in one infallible definition," but it can be found in cases where the publisher is aware of the falsity of the information beforehand. *St. Amant*, 390 U.S. 727, 730–31; *see also Garrison v. State of Louisiana*, 379 U.S. 64, 74 (1964) (emphasizing need to show "high degree of awareness of . . . probable falsity").

The FCRA similarly does not define "willful intent to injure." "Most courts applying § 1681h(e) have defined it as requiring a showing that the defendant knowingly and intentionally committed an act in conscious disregard for others." *Wolfe v. MBNA Am. Bank*, 485 F. Supp. 2d 874, 887 (W.D. Tenn. 2007) (quoting *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 790 (W.D. Ky. 2003) (internal quotations omitted)).

Here, Burress claims that he "has suffered injury in the form of Defamation of character" without more. Am. Compl. 5 (ECF. No. 18). In doing so, he fails to allege, or provide any facts that could give rise to an inference, that Chase acted with malice or reckless disregard for truth. "For the purposes of FCRA preemption, pleading 'malice' requires the plaintiff to plead that the defendant made the statements knowing the statements were false or with a reckless disregard of whether they were false." *Henry v. Capital One Bank (USA), N.A.*, 2018 WL 436727, at *5 (N.D. Tex. Aug. 9, 2018) (quoting *Licata v. Wells Fargo Dealer Servs., Inc.*, 2013 WL 12155020, at * 2 (S.D. Tex. Oct. 31, 2013) (internal quotations

9

omitted)). Burress does not address whether Chase had the requisite knowledge of falsity or serious doubts as to truth, or that Chase intentionally acted to harm him. Accordingly, Burress is unable to state a claim for relief under Texas defamation law. The Court should dismiss this claim under Rule 12(b)(6).

IV. <u>Sanctions against defense counsel are not warranted.</u>

In Burress's Response to Chase's Motion to Dismiss, he claims that Chase misrepresented § 1681h(e). Pl.'s Resp. 2–3 (ECF No. 20). Specifically, he objects to defense counsel omitting a portion of the statutory text it cites on page five (ECF No. 19). The full text of § 1681h(e) reads as follows, with the omitted portions of Chase's Motion to Dismiss italicized:

> Limitation of liability. *Except as provided in sections 616 and 617 [15 USCS §§ 1681n and 1681o] of this title,* no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, *based on information disclosed pursuant to section 609, 610, or 615 [15 USCS § 1681g, 1681h, or 1681m], or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report* except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e) (emphases added).

Burress, after this bare assertion, fails to explain how the inclusion of the missing text prevents preemption of his defamation claim. He also does not rebut Chase's argument that § 1681h(e) preempts the claim in this case. Rather, he immediately cites the text of § 1681n, which provides civil liability for willful

10

noncompliance. Resp. 2–3 (ECF No. 20). Section 1681n, however, does not preclude preemption of state defamation claims. Neither do the other omitted provisions from Chase's Motion to Dismiss.

Counsel's elimination of irrelevant and inconsequential portions of the statute from the block quote is a common technique used in legal writing. The undersigned finds no reason to sanction or fine defense counsel.

V.      Burress is not entitled to leave to amend.

When a court dismisses a plaintiff's claims under Rule 12(b)(6), it generally should give the plaintiff at least one opportunity to amend the complaint. *See Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted). However, "[t]he court may deny leave to amend . . . if the defects are incurable or the plaintiffs have already alleged their best case." *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 200 (5th Cir. 2015) (per curiam) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). The Court previously advised Burress that his Original Complaint was deficient and allowed him an opportunity to file an amended complaint. But his amended complaint fails to state a claim on which relief can be granted. The Court should find that Burress has pleaded his "best case," and dismiss his claims with prejudice.

## Recommendation

For the foregoing reasons, Chase's Motion to Dismiss (ECF No. 19) should be GRANTED on the grounds that Burress has failed to state a claim under Fed. R. Civ. P. 12(b)(6). Burress's claims should be dismissed with prejudice.

**SIGNED** October 21, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).